## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

---

No. 588
BISHOP v. SMALL
Ohio Appeals, 2nd Dist., Montgomery Co.
No. 648. Decided May 29, 1925

639. INJUNCTION—Will not be issued where its effect is to supersede jurisdiction of specially created tribunal.

973. PUBLIC UTILITIES COMMISSION— Must approve of sale or transfer of permit issued to original bus line operator, before contract to sell same is valid.

BY THE COURT.

An action was brought by John Bishop for an injunction to restrain W. O. Small from operating a bus line between Dayton and Greenville. The permit was regularly issued to Small by the Public Utilities Commission, said permit not having been revoked, or modified in any respect by the Commission.

Bishop claimed the right to operate said bus line and to exclude Small from interfering with such operation, by virtue of a contract with Small whereby the right to operate said bus line was granted to Bishop. Another contract was shown in evidence whereby Small agreed to sell the bus line to Bishop for a certain consideration. The Court of Appeals held:

1. Neither of these contracts have been approved by the Commission, nor has consent been given by it to Small, allowing him to sell or transfer his bus line permit.

2. Since the passage of the Utilities Commission Act the right to operate a bus line and the safeguarding of the public interests therein have been confided to the Public Utilities commission.

3. To issue an injunction under the circumstances; would have the effect of transferring the duties vested exclusively in the Public Utilities Commission, to the courts.

4. A court of equity will not issue an injunction where its effect would supersede the jurisdiction of a tribunal specially created by law over such a subject.

5. A permanent injunction will therefore, be refused, and the injunction heretofore allowed will be dissolved.

Attorneys—Estabrook, Finn & McKee, Dayton, for Bishop; Mannix, Crawford and Billingsley, Greenville; Gross & Crawford, Dayton; Myers & Myers, Greenville, for Small.

No. 589
LASH, Admr. v. SELTZER ROUND CO
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5715. Decided May 8, 1925.
Judges Richards, Williams and Young; 6th Dist., sitting.

997. REAL ESTATE—In land contract, where vendee is in default, doctrine that the amount paid in is so grossly disproportionate and extravagent to the actual damages, as to be a penalty rather than liquidated damages; cannot be availed of, when vendor does not repudiate contract and offers to continue under it.

RICHARDS, J.

A contract was entered into by Mary Lash, now deceased, to purchase from the Seltzer Round Co., a piece of real estate on Garfield Heights. The purchase price was $1740 on which a small cash payment was made, the purchaser agreeing to make monthly payments thereafter of $17.40. She paid $417.20 in all and then became delinquent in her payments and subsequently died, and her son, John Lash, was appointed the administrator of her estate. Some time after her decease the administrator brought an action to recover back the money paid and the Cleveland Municipal Court rendered judgment in favor of the company.

Error was prosecuted and the Court of Appeals held:

1. The evidence shows without dispute, that the defendant broke the contract and failed to comply with its terms in regards to making payments provided by it.

2. The Seltzer Round Co. avers that it has at all times, and still does desire John Lash as administrator of Mary Lash, to carry out the obligations of the contract and that upon performance thereof by said administrator it is willing and able to perform all its obligations thereunder.

3. There is no authority that would justify the purchaser under a land contract, or administrator, or legal representative of the purchaser, to break the contract and then be entitled to recover the amount which had been theretofore paid.

4. In view of the fact that the company offers to carry out the contract, there can be no application of the doctrine contended for; that the amount paid is so grossly extravagant and disproportionate to the actual damages as to be a penalty rather than liquidated damages.

Judgment affirmed.

Attorneys—D. M. Bader, for Lash; W. J. Agnew for Company; all of Cleveland.